Curia, per Whitner, J.
The facts of this case are somewhat complicated, but, when correctly apprehended, the equities of the parties, as well as their legal rights, are very apparent, if the case of an ordinary promissory note, transferred by in-dorsement, had been presented, two opinions could net have been entertained as to their respective rights. As amongst such parties, when payment is made to the indorsee by the indorser, no one doubts his right of action against the maker. If the payment is partial, pro tanto, the right is equally indisputable : — as a consequence, such payment by the indorser discharges the maker as to the indorsee, in whole, or in part, as the case may be. Much less could it be contended, if the maker had intermediately refunded to the indorser, that such should not be deemed a proper payment. Even although judgment had been obtained against the maker and the indorser, a payment by the latter would have extinguished the former. Noonan vs. Gray, 1 Bail. 437.
The action before the Court is founded on a single bill, and hence a supposed difference. If transferred by regular assignments, with a guarenty, the rights of the parties would have been the same; and where there are no assignments, the transfers being by delivery, according to our theory, the equities attach, and yet the same result would follow. I mean, of *43 course, as to the particular points involved. This plaintiff stands alone upon his equity. The single hill was assigned by the obligee, Dunn, to Daniel, who transierred, by delivery, to Washington, with a guaranty of the solvency of the obligor, Dial. Washington’s equitable interest entitled him to receive the money, and, according to our cases, to use the name necessary to enforce payment.
If Daniel had paid the entire bill, Washington’s equities would have been thereby discharged and Daniel’s revived, even although Daniel had originally received by delivery only. But Daniel, in fact, had a legal interest in virtue of the assignment, and it is not perceived that his rights are in any way abridged, because he was compelled by suit to do what he should have done voluntarily. He paid the principal of the single bill in question, before this suit was brought. Thereupon, and to that extent, Washington’s equities were met and discharged, and Daniel’s right of action accrued against the obligor, Dial. But before suit brought, Dial paid to Daniel the amount of the single bill, thus anticipating such action by Daniel. He who does voluntarily what the law would compel, must be protected in the act. The equities of Washington entitled him only to such amount as he had not already received. This has been allowed him, and he has nothing remaining on which to stand or of which to complain as growing out of this part of his transaction : — nor can he shelter himself behind the name of the obli-gee, Dunn, or, by that use, enlarge the legal demand of passing the funds through his hands. This is not his position, nor can it be awarded him. The legal interest had been transferred by the assignment to Daniel — an equitable interest only to Wash ington.
The motion for a new trial is refused.
Evans, Warblaw, Frost and Withers, JJ. concurred.
O’Neall, J. absent at the argument.

Motion refused.